Dear Mr. Herring:
This office is in receipt of your request for an opinion wherein you inquire whether the LSU Fire and Emergency Training Institute (FETI) falls under the authority of the East Baton Rouge Medical Society as it relates to its standing orders and protocols. Your request further inquires as to whether FETI can function independently as a state institution with regards to medical practice protocols and standing orders.
La.R.S. 40:1231(5) defines a "certified emergency medical technician" (referred to hereinafter as EMT) as an individual who is certified as any one of the following: (a) an EMT-basic, (b) an EMT-intermediate, and/or (c) an EMT-paramedic. The foregoing certification categories mean that the individual within that particular category has successfully completed an EMT training program that was developed and promulgated by the U.S. Department of Transportation and adopted by the bureau (defined in LA.R.S.40:1231(4) as the Department of Health and Hospitals, office of public health, bureau of emergency medical services), and that the individual is nationally registered and certified by the bureau. See La.R.S. 40:1231(6), (7), (8).
La.R.S. 40:1234 is the applicable state law with respect to your question. The statute outlines the duties of emergency medical personnel. The legislature has particularized the duties by specifying the functions that may be performed within the different certification categories (i.e., EMT-basic, EMT-intermediate, and EMT-paramedic). In all three categories, the statute permits the EMT to perform his particular functions if the following condition exists:
 While he is at the scene of a life threatening emergency and under a protocol that has been approved by the local parish medical society, or its designee, until voice communication with the physician is established at the earliest possible time. See La.R.S. 40:1234(A)(2)(b); La.R.S. 40:1234(B)(2)(c); La.R.S. 40:1234(C)(2)(c).
Moreover, La.R.S. 40:1234(D)(2) provides, in pertinent part, that a certified first responder may administer automated cardiac defibrillation in accordance with rules and regulations promulgated by the bureau in accordance with the Administrative Procedure Act and a protocol that shall be approved by the local parish medical society, or its designee, and the local physician medical director. Additionally, La.R.S. 40:1234(E)(1) expressly states that:
 In a case of a life-threatening situation as determined by an EMT-intermediate or an EMT-paramedic, when voice contact with a physician or when telemetered electrocardiogram communication is delayed, not possible, or when the delay in treatment could endanger the life of the patient, such a person may render services, in accordance with a protocol that shall be established by the emergency medical services committee or the executive committee of the parish or component medical society, or its designee, until voice or telemetered electrocardiogram communication can be established at the earliest possible time.
Act No. 427 § 1 of 1999 added subsection H to La.R.S. 40:1234
providing for approval of emergency medical service protocol by a parish or multiparish medical society. Particularly, La.R.S.40:1234(H) provides, in pertinent part, as follows:
 In the event that there is no organized or functional local parish medical society in a parish of the state, the provisions of this Section which require the approval of an emergency medical service protocol by the local parish medical society or its designee may be performed by a parish or multiparish medical society which is adjacent or contiguous to the parish without an organized or functional local parish medical society.
This office understands from your request that FETI is frequently called upon to render medical first aid prior to transport to a medical facility. According to the information we received from you, FETI's medical director is charged with the responsibilities of providing medical direction to FETI staff's registered nurse, EMTs, and first responders to include, but not be limited to: (1) implement protocols for use of the Automated External Defibrillator Program (AED) and administration of medication, procedures and patient care as allowed by the levels of licensure of the FETI staff; (2) implement protocol/procedures for on-line and off-line medical direction in the form of standing orders.
Based on the points of law discussed above, it appears that the standing orders and protocols to be implemented by FETI's medical director and any other emergency medical service must be subject to the approval of the local parish medical society or, in this case, the East Baton Rouge Parish Medical Society. Within the contemplation of the Louisiana State Legislature, these laws were enacted to establish guidelines for statewide emergency medical service programs. Moreover, they seem to provide a system of checks and balances for the implementation of protocols and standing orders geared toward the improvement and regulation of emergency medical services in the state.
I trust that this adequately responds to your inquiry. If you have any questions and/or additional information becomes necessary, please advise.
Yours very truly,
CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
By:______________________
 CHARLES H. BRAUD, JR. Assistant Attorney General
CCF, Jr./CHB/dr